UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

FRANCIS D. MENARD,

                                    Plaintiff,

                                                                                         6:22-CV-0038
v.                                                                                    (DNH/TWD)

FIRST SOURCE FEDERAL CREDIT UNION, et al.,

                                    Defendants.
_____

APPEARANCES:

**FRANCIS D. MENARD**
Plaintiff, *pro se*
407 West St. Apt D
Rome, NY 13440

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

      Francis D. Menard ("Plaintiff"), proceeding *pro se*, filed a complaint against First Source Federal Credit Union and Debarah A. Grogan ("Grogan") (together, "Defendants"). (Dkt. No. 1.) Currently before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP Application"). (Dkt. No. 2.)

**I.     IFP APPLICATION**

      A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's IFP Application

(Dkt. No. 2), the Court finds Plaintiff meets this standard. Therefore, his IFP Application is granted.[1]

## II. SUFFICIENCY OF COMPLAINT

### A. Legal Standards

28 U.S.C. § 1915(e) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*.

In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable

---

[1] Plaintiff will still be required to pay fees that he may incur in this action, including copying and/or witness fees.

inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

A *pro se* litigant's pleadings are held to a less strict standard than attorney drafted pleadings. *See Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402 (2008) ("Even in the formal litigation context, *pro se* litigants are held to a lesser pleading standard than other parties."). Where a plaintiff is proceeding *pro se*, the court construes his pleadings "to raise the strongest arguments that they suggest." *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks omitted). However, this "does not exempt a [*pro se* litigant] from compliance with relevant rules of procedural and substantive law." *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).[2]

Moreover, federal courts have an "independent obligation" to consider the presence or absence of subject matter jurisdiction *sua sponte*. *Leopard Marine & Trading, Ltd. v. Easy Street, Ltd.*, 896 F.3d 174, 181 (2d Cir. 2018) (quoting *In re Quigley Co., Inc.*, 676 F.3d 45, 50 (2d Cir. 2012)). "If subject matter jurisdiction is lacking, the action must be dismissed." *Id*.; *see also* Fed. R. Civ. P. 12(h)(3).

---

[2] Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, No. 95 CIV 4768, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (citations omitted). Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Fed. R. Civ. P. 10(b). This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (quotation marks and citations omitted).

3

B. **Summary of the Complaint**

Plaintiff claims First Source Federal Credit Union (Main Branch), located at 4451 Commercial Drive, New Hartford, New York, has violated his right to "file" "grievances" while Grogan, the Branch Manager of First Source Federal Credit Union, located at 1822 Black River Bldg. Rome, New York, "barred" Plaintiff from "all bank's properties so I can't get my SSI income." (Dkt. No. 1 at 2.[3]) Plaintiff claims Defendants are "trying to ste[al his] federal income." *Id*. Specifically, Defendants "always" give Plaintiff a "problem" "getting [his] SSI money out of his bank account." *Id*. at 3. This bank is "known to steal money/embezzle SSI money." *Id*. Defendants "put a freeze on Plaintiff's bank card just to harass Plaintiff." *Id*. "Now Plaintiff can't see what is in his account." *Id*.

He further alleges Defendants "only approved" Plaintiff to purchase a "lemon vehicle." *Id*. at 2.[4] While not entirely clear, it appears the "lemon vehicle" at issue is a 2004 truck that "caught on fire" two weeks after Plaintiff purchased it. *Id*. Defendants "refused" to fix the truck because they "want to steal federal income." *Id*. Defendants "love to violate everyone's rights and retaliate" which causes Plaintiff "pain and suffering." *Id*. at 3. Defendants "never had the vehicle inspected" because they knew it was a "lemon" and a "deathtrap." *Id*.

As relief, Plaintiff wants Grogan to be "removed from her job indefinitely" and for all First Source Federal Credit Unions "to be shut down indefinitely for approving the sale of a lemon/deathtrap." *Id*. at 4. He asks for $35 million for "pain and suffering" and for Defendants

---

[3] Page references to documents identified by docket number refer to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office. Unless otherwise indicated, excerpts from the record are reproduced exactly as they appear in the original and errors in spelling, punctuation, and grammar have not been corrected.

[4] Apparently, Defendants "denied" the "first vehicle" because "they knew [Plaintiff] was trying to start his own business." (Dkt. No. 1 at 2-3.)

"to pay off the vehicle that is a lemon and a deathtrap." *Id*. Lastly, he wants Defendants "to pay to fix the truck so it is not a deathtrap and to charge both Defendants with federal charges for steeling [sic] SSI money." *Id*.

C.  **Subject Matter Jurisdiction**

Notwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000). Lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court *sua sponte*.

The basic statutory grants of subject matter jurisdiction are set forth in 28 U.S.C. §§ 1331 and 1332. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). Section 1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Section 1332 provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332.

In this case, it appears Plaintiff seeks to invoke this Court's subject matter jurisdiction pursuant to § 1331 given that he utilized a form civil rights compliant pursuant to 42 U.S.C. § 1983. "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." *Arbaugh*, 546 U.S. at 513. A claim alleging federal-question jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" *Id*. at 513 n.10. As noted,

although courts hold *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers," *pro se* litigants must establish subject matter jurisdiction. *See, e.g.*, *Simmonds v. Longo*, No. 6:19-CV-1319 (DNH/ML), 2020 WL 1644206, at *4 (N.D.N.Y. Mar. 11, 2020) (recommending dismissal of *pro se* complaint for lack of subject matter jurisdiction), *report-recommendation adopted*, 2020 WL 1643394 (N.D.N.Y. Apr. 2, 2020).

Here, even given a liberal construction, Plaintiff's complaint does not allege a federal claim such that the Court's federal question subject matter jurisdiction may be invoked. Rather, it appears Plaintiff's claims stem from his private banking relationship with Defendants. Despite Plaintiff's citation of the Section 1983, his allegations do not present a colorable federal claim for the reasons that follow.

"To state a valid claim under [Section] 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. Cty. of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)). Thus, Section 1983 does not create any independent substantive right, but rather "provides a civil claim for damages" to "redress . . . the deprivation of [federal] rights established elsewhere." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999).

The requirement that the defendant acted under "color of state law" is jurisdictional. *Bennett v. Bailey*, No. 5:20-CV-0903 (GTS/ATB), 2020 WL 5775940, at *2 (N.D.N.Y. Aug. 17, 2020), *report-recommendation adopted*, 2020 WL 5775231 (N.D.N.Y. Sept. 28, 2020). Private conduct is simply beyond the reach of Section 1983 "'no matter how discriminatory or wrongful' that conduct may be." *Id*. (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999)). Under extremely limited circumstances not alleged here, private actors may be held

liable under Section 1983.  *See White v. Monarch Pharmaceuticals, Inc.*, No. 08-CV-0430, 2009 WL 3068217, at *1 (2d Cir. Sept. 28, 2009); *see also Rendell–Baker v. Kohn*, 457 U.S. 830, 838-42, (1982); *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam); *Tancredi v. Metro Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003).

Here, Defendants are a private individual and entity who are not alleged to have any connection with any government body and have not acted under color of state law.  *See Basile v. Connolly*, 538 F. App'x 5, 7 (2d Cir. 2013) ("private individuals . . . cannot be sued under 42 U.S.C. § 1983 absent a plausible allegation that they acted under color of state law"); *Barroga-Hayes v. Susan D. Settenbrino, P.C.*, No. 10-CV-5298, 2012 WL 1118194, at *9 (E.D.N.Y. Mar. 30, 2012) ("courts have repeatedly held that federal credit unions are not state actors.") (collecting cases).[5]

Moreover, the complaint is wholly devoid of any allegations concerning the deprivation of any constitutional right as is required to state a plausible Section 1983 claim.  The use of "buzz words" such as "violation of everyone's right" and "retaliation" does not cure a pleading defect such as the one herein.  *See Barr v. Abrams*, 810 F.2d 358, 362 (2d Cir. 1986) (the Second Circuit has repeatedly held, "complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning").  As a result, Plaintiff has failed to allege a claim pursuant to 42 U.S.C. § 1983, which would raise a federal question.

---

[5] *See also Barroga-Hayes*, 2012 WL 1118194, at *9 ("Although the [United Nations Federal Credit Union ("UNFCU")] may be regulated by the federal government or the state of New York, the UNFCU is not a state actor.  As the Supreme Court has consistently held, the mere fact that a business is subject to state regulation does not by itself convert its action into that of the State for purposes of the Fourteenth Amendment.") (quotation marks, brackets, and citations omitted).

Plaintiff has not alleged, and the Court has not been able to determine, any other basis for federal question jurisdiction. Moreover, because Plaintiff does not allege facts that the parties are diverse, and it appears the parties are all citizens of New York, the Court lacks diversity jurisdiction over Plaintiff's claims. *See* 28 U.S.C. § 1332. Additionally, the Court notes there is no private right of action to enforce either state or federal criminal statutes. *George v. Progressive Ins. Agency, Inc.*, No. 5:18-CV-1138 (DHN/ATB), 2018 WL 4660379, at *3 (N.D.N.Y. Sept. 28, 2018), *report-recommendation adopted*, 2019 WL 5307075 (N.D.N.Y. Oct. 21, 2019).

Therefore, the Court recommends dismissal of Plaintiff's complaint for lack of subject matter jurisdiction.

  **D.**  **Leave to Amend**

Generally, when the court dismisses a *pro se* complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once, however, leave to replead may be denied where any amendment would be futile. *Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993). Futility is present when the problem with the plaintiff's causes of action is substantive such that better pleading will not cure it. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted).

In this case, because the Court lacks subject matter jurisdiction, the Court must recommend dismissing the action without prejudice. *Hollander v. Garrett*, 710 F. App'x 35, 36 (2d Cir. 2018); *see also Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 206-07 (2d Cir. 2019) (holding that where a court dismisses a complaint for lack of subject matter jurisdiction, the court does "not have the power to reach the merits and dismiss the claims against the

defendants for failure to state a claim, or to eventually dismiss the complaint with prejudice for failure to file a proposed amended complaint").

This Court has serious doubts about whether Plaintiff can amend to assert any form of federal jurisdiction over the situation that Plaintiff describes in his complaint. Nevertheless, in light of Plaintiff's *pro se* status and in an abundance of caution, the Court recommends that Plaintiff be granted leave to file an amended complaint. Any amended complaint should be a complete pleading, must supersede the original, and must not incorporate any facts from the original complaint. In addition, any amended complaint must assert a proper basis for jurisdiction in federal court. Of course, Plaintiff may also pursue his claims in state court.

### III. CONCLUSION

**WHEREFORE**, after carefully considering this matter, and for the reasons explained above, it is hereby

**ORDERED** that Plaintiff's IFP Application (Dkt. No. 2) is **GRANTED SOLELY FOR PURPOSES OF INITIAL REVIEW**; and it is further

**RECOMMENDED** that Plaintiff's complaint (Dkt. No. 1) be **DISMISSED WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION AND WITH LEAVE TO AMEND**, and it is further

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation, along with copies of the unpublished decisions cited herein in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[6]  Such objections shall be filed with the Clerk of the Court.  **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R. Civ. P. 72, 6(a).

Dated: January 26, 2022
       Syracuse, New York

                                              Thérèse Wiley Dancks
                                              United States Magistrate Judge

---

[6] If you are proceeding *pro se* and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).